816 P.2d 261

**The STATE of Arizona, Appellee/Cross-Appellant/Respondent,**

v.

**Larry Allen COKER, Appellant/Cross-Appellee/Petitioner.**

No. 2 CA–CR 89–0078, 2 CA–CR 90–0196–PR.

Court of Appeals of Arizona, Division 2, Department A.

May 9, 1991.

Review Denied Sept. 12, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric J. Olsson, Tucson, for appellee/cross-appellant/respondent.

D. Jesse Smith, Tucson, for appellant/cross-appellee/petitioner.

## OPINION

LIVERMORE, Presiding Judge.

Leslie and defendant Larry Coker are identical twins. They were involved in the sale of fork lift trucks to which they did not have title. Defendant was charged and convicted of one count of obtaining money by fraud in violation of A.R.S. § 13–2310 and sentenced to a presumptive term of imprisonment of 15.75 years. His defense, presented through an eyewitness, his brother's girlfriend, was that he did not know that his brother, who negotiated the sale, did not have title to the trucks. His appeal, and the state's cross-appeal, raise a number of issues. We find one dispositive and reverse.

 Over objection, the prosecutor was allowed to introduce in its case in rebuttal two instances, one in 1985 and one in 1987, in which defendant identified himself to police authorities as his brother Les.

**4**

The most obvious inference to be drawn from this evidence is that whenever defendant gets in trouble he tries to avoid responsibility by blaming Les. For that purpose it is inadmissible for two reasons. First, it is character evidence offered to prove action in accordance and thus inadmissible under Rule 404, Ariz.R.Evid., 17A A.R.S. Second, it is not relevant because defendant did not testify. That defendant has lied in the past does not tend to impeach the testimony of Les's girlfriend.

■ The state argues, however, that these prior acts show "appellant's *knowledge* of the purpose of the fraudulent scheme." With respect, we do not see how lying about identity six months and two and one-half years before the sale in this case tends to prove knowledge, or any other fact of consequence in the action. Les was not involved in the earlier episodes. If those prior acts show knowledge they can only do so in an improper way—that the defendant was twice involved with the police and twice lied and thus is crooked and probably guilty of this crime.

■ We find equally unavailing the argument that because there was evidence that Les had often impersonated defendant in the past, from which the jury was invited to infer that he had on this occasion, evidence of defendant's impersonation was proper rebuttal. That defendant had impersonated Les does not make it less likely that Les impersonated defendant.

Reversed.

HATHAWAY and LACAGNINA, JJ., concur.